```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

JIMMY L. GLENN,

                      Plaintiff,

vs.                                  Case No.   2:03-cv-655-FtM-99SPC

CHESTER    LAMBDIN,    WARDEN;    D.
PRAFGRAS, LIEUTENANT; D. SNIDER,
SARGENT; D. COATES, H.S.A.; EMIL A.
DAMEFF, C.H.O.; and PILAR GUDINO,

                      Defendants.
_____
```

**ORDER**

This matter comes before the Court upon Plaintiff's Motion for a Temporary Restraining Order (Doc. #67), filed on June 23, 2006.

Plaintiff states that he does not receive adequate medical treatment at the place of his current incarceration, Zephyrhills Correctional Institute.  Plaintiff asks the Court to enter an Order requiring that Plaintiff be transferred to "Region 2 Area, which is close by North Florida Reception Center where Plaintiff is suppose to be kept for medical reasons at all times." *See* Doc. #67 p. 5. *Id.* at 2.  Consequently, Plaintiff's Motion will also be construed as a Petition for Writ of Mandamus.

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice only if: (1) "it clearly appears from specific facts . . . that immediate an irreparable injury, loss, or damage will result to the application before the adverse party . . . can be heard in opposition," and (2) the applicant "certifies to

the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."  Further, under Local Rule 4.05, '[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for preliminary injunction."[1]

Alternatively, to the extent that Plaintiff seeks mandamus relief, writs of mandamus have been abolished in federal practice pursuant to Fed. R. Civ. P. 81(b).  While federal courts have jurisdiction over mandamus actions that seek to compel a federal official to perform a specific duty under 28 U.S.C. § 1361, federal courts have no general power to compel performance by a **state** official, or a private corporation in privity of contract with a state agency, where mandamus is the only relief sought. *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971).  In this case, it is clear that Plaintiff is requesting that the Court order the Florida Department of Corrections to transfer Plaintiff to a different institution.

---

[1] Under Local Rule 4.05(b)(4), "The brief or legal memorandum submitted in support of the motion must address the following issues: (I) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any."

Upon review of the Motion, the Court does not find that Plaintiff has demonstrated a threat of immediate and irreparable injury or loss. Additionally, the Court finds that Plaintiff has completely failed to address any of the four factors to warrant the issuance of a preliminary injunction as required by Local Rule 4.05 (b)(4). *Wall v. Ferrero*, 142 Fed. Appx. 405 (11th Cir. 2005). Furthermore, to the extent Plaintiff seeks a writ of mandamus, the federal courts cannot order a state agency to act.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for a Temporary Restraining Order (Doc. # 67), which is also construed as a writ of mandamus, is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this   26th   day of June, 2006.

JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record