UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMY L. GLENN,

        Plaintiff,

vs.                                    Case No.  2:03-cv-655-FtM-99SPC

CHESTER LAMBDIN, WARDEN; D. PRAFGRAS, LIEUTENANT; D. SNIDER, SARGENT; D. COATES, H.S.A.; EMIL A. DAMEFF, C.H.O.; and PILAR GUDINO,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the following dispositive motions: (1) Defendant Snider's Motion to Dismiss (Doc. #46); (2) Defendant Dameff's Motion to Dismiss (Doc. #57); (3) Defendants Coates and Prafgras' Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. #52); and (4) Defendant Gudino's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. #59).  Plaintiff filed a single Response to Defendants' Motions ("Plaintiff's Response" Doc. #63-1).  This matter is now ripe for review.

**I.**

*Pro se* Plaintiff, while incarcerated at Charlotte Correctional Institute ("CCI")[1], filed a civil rights Complaint form pursuant to 42 U.S.C. § 1983 alleging violations of Plaintiff's Eighth and

---

[1] Plaintiff is currently incarcerated at the Everglades Correctional Institute.

Fourteenth Amendment rights. (Complaint, Doc. #1.) The Complaint sets forth the following facts, which at this stage of the proceedings are assumed to be true.

As a child, Plaintiff sustained third degree burns over his "entire body." Plaintiff made medical staff and health service administrators aware of Plaintiff's serious medical needs attributable to the third degree burns that cover his entire body.[2] (Id. at 12.)[3] Nonetheless, DOC staff authorized the use of chemical agents on Plaintiff. (Id.) See also Plaintiff's Grievance dated June 4, 2003 and Response dated June 25, 2003 from Emil A. Dameff, M.D. attached to Plaintiff's Response (Doc. #63-2 at pp.1-2).

On September 8, 2003, Defendant Snider sprayed Plaintiff with chemical agents and issued Plaintiff a disciplinary report for disorderly conduct. (Id. at 10-12.) At the time of the spraying, Defendant Snider did not hold the rank of sergeant and was not authorized under DOC regulations to administer chemical agents on inmates. (Id. at 13.) Further, Plaintiff was alone in his cell and was not doing anything to warrant the use of chemical agents. (Id.) The chemical agents caused Plaintiff "excruciating pain" and

---

[2]Plaintiff states he has had the third degree burns since the age of 5 as a result of his house catching on fire. His medical conditions include: a history of dry, sensitive skin, requiring extra treatment during cold weather, particular kinds of soap, and lotion after showers. (Id. at 12.)

[3]For citation purposes, the page numbers referenced are those that appeared scanned on the court's electronic filing system.

Plaintiff's skin to blister. (Id.)  Plaintiff avers that he was refused medical treatment, which he "sought as a direct result of the gas that [Defendant] Snider sprayed on me." (Id. at 12.)

Approximately nine days after the incident, Plaintiff had a disciplinary hearing in which the committee found Plaintiff guilty of disorderly conduct. (Id.)  Plaintiff appealed the outcome of the hearing and his "appeal was approved".[4]  On October 6, 2003, Defendant Snider wrote Plaintiff a new disciplinary report for the same "disorderly conduct infraction" that occurred on September 8, 2003. (Id.)  On October 13, 2003, Plaintiff had a second disciplinary hearing in which the committee, consisting of the same members from the first disciplinary hearing, found Plaintiff guilty again of the disciplinary infraction.  (Id. at 11.)  Plaintiff appealed the second disciplinary infraction and his "appeal was approved" a second time on October 22, 2003. (Id.)

As a result of the initial and rewritten disciplinary reports, which Plaintiff claims were false, Plaintiff spent thirty days in disciplinary confinement during which time Plaintiff was denied "all privileges, rights[,] and liberty interests." (Id.)  Additionally, from September 8, 2003 though September 12, 2003, Plaintiff was placed on "strip status" and had all of his personal property taken

---

[4]It is unclear what Plaintiff means when he states that his "appeal was approved." However, based on the facts as set forth by Defendant Snider, it seems that Plaintiff means to say that the committee's finding of guilt was overturned by the appeals committee.  (See Doc. # 46 at 2.)

away from him. As relief, Plaintiff seeks $100,000.00 for damages; and $20,000.00 for the illegal disciplinary confinement as a result of the two overturned disciplinary reports. (Id. at 14.)

Defendant Snider seeks dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that defendant's actions were justified because Plaintiff's behavior posed a security threat, the disciplinary confinement was not a significant hardship on Plaintiff, and, alternatively, that Defendant Snider is entitled to qualified immunity. Defendants Dameff, Gudino, Prafgras and Coates seek dismissal of the Complaint on the grounds that the Complaint fails to state a causal connection between each respective Defendant and any constitutional violation. As of the date of this Order, service of process has not been effectuated on Defendant Lambdin.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading

requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). The Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges,

or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).  A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action.  Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

**IV.**

Liberally construing the Complaint, Plaintiff alleges an Eighth Amendment claim for an unjustified use of force and medical indifference; and, a Fourteenth Amendment claim for illegally being confined on false disciplinary charges.

**A.  Defendant Lambdin**

At the outset, the Court notes that service of process has not been effectuated on Defendant Lambdin.  (Doc. #41.)  While the Court

is responsible for assisting *pro se* litigants proceeding *in forma pauperis* with service of process, the Court cannot meet this responsibility when a plaintiff fails to provide the Court with a valid address for a defendant. See 28 U.S.C. §1915(d); Fowler v. Jones, 899 F.2d 1088,1095 (11th Cir. 1990). The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action *sua sponte* if service is not effectuated within 120 days after the filing of the complaint. Plaintiff's Complaint was filed on December 1, 2003. On November 2, 2005, the U.S. Marshal notified the Court and Plaintiff that its attempt to effectuate service upon Defendant Lambdin has been unsuccessful. (Doc. #41.) Even though Plaintiff is appearing *pro se,* "[a] plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which the plaintiff has knowledge.'" Salas v. Tillman, 2006 WL 122426 (11th Cir. 2006)(quoting Fowler v. Jones, 899 F.2d at 1095 (citing Rochon v. Dawson, 828 F.2d at 1110)). Consequently, Defendant Lambdin is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

    **B.  Defendants Gudino, Dameff, Coates and Prafgrass**

It is unclear on what basis the Complaint attributes liability to Defendants Guido, Dameff, Coates and Prafgras. The Complaint contains no factual allegations concerning any of these Defendants. Thus, the Complaint fails to establish an affirmative causal connection between these Defendants and the alleged constitutional deprivations. Marsh v. Butler County, 268 F.3d 1014, 1059 (11th Cir. 2001)(en banc). Although personal participation is not specifically required for liability under 42 U.S.C. § 1983, there must be some causal connection between the named defendant and the alleged sustained injury. Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).

The only place Defendant Dameff's name appears is on the response to a grievance Plaintiff referred to CCI's medical department prior to the incident in the Complaint. In that grievance Plaintiff requests that the medical department disapprove of security's use of chemical agents on Plaintiff because of his skin condition. Defendant Dameff responds, stating that "upon review of [Plaintiff's] medical record there are no contraindications noted that would prevent the use of chemical agents" on Plaintiff. (See Grievance dated June 4, 2003, attached to Complaint.) It appears that Plaintiff predicates liability on Defendant Dr. Dameff because Dameff disagreed with Plaintiff opinion and instead found no medical justification to prohibit security's use of chemical agents on Plaintiff. To the extent Plaintiff predicates liability to Defendant Dameff due to Dameff finding that

-8-

Plaintiff's medical condition does not warrant being excused from chemical agents, such a claim is unfounded. The course of treatment (or lack thereof) chosen by a medical official is "a classic example of a matter for medical judgment." Estelle v. Gamble, 429 U.S. 97 (1976). Thus, no constitutional violation exists where an inmate and prison medical official merely disagree as to the proper course of medical treatment. Id. at 106.

With respect to Defendant Gudino, the only place Gudino's name appears is on the appeal Plaintiff sent to the Department of Corrections concerning the denial of Plaintiff's exemption from chemical spraying. Defendant Gudino denied Plaintiff's grievance indicating that, after reviewing Plaintiff's records and contacting Defendant Coates at CCI, there were no contraindications for the use of chemical agents on Plaintiff. Thus, to the extent Plaintiff predicates liability on Defendant Gudino for denying his appeal, Plaintiff fails to state a § 1983 claim. See Haverty v. Crosby, 2006 WL 839157 (N.D. Fla. 2006)(reasoning that a supervisor is not liable for conduct brought to his or her attention by a grievance form, unless the knowledge imputed to the supervisor and the refusal to prevent the harm rises to the level of a custom, policy, or practice) (citing Wayne v. Jarvis, 197 F.3d 1098 (11th Cir. 1999), cert denied 529 U.S. 1115 (2000); Tittle v. Jefferson County Com'n, 10 F.3d 1535 (11th Cir. 1994); Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989) aff'd 915 F.2d 1574 (6th Cir. 1990); see also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

The Complaint contains no other allegations concerning Defendant Coates, other than he was contacted by Defendant Gudino. Similarly, Defendant Prafgras' name only appears on a response to Plaintiff's grievance, in which Plaintiff asks whether Prafgras approved of Defendant Snider's use chemical agents on Plaintiff on September 8, 2003. To the extent Plaintiff predicates liability on Defendant Prafgras because of his position as a lieutenant, there is no *respondeat superior* liability under § 1983. Monell, 436 U.S. at 690-692. Consequently, Defendant Gudino, Dameff, Coates and Prafgrass' Motions to Dismiss are granted, and Plaintiff's Complaint is dismissed without prejudice as to these Defendants.

**C. Defendant Snider**

The Complaint alleges that on September 8, 2003, Defendant Snider sprayed chemical agents on Plaintiff without justification, refused Plaintiff medical care for a post-chemical spray evaluation, and wrote a false disciplinary report to justify the spraying, and which subjected Plaintiff to thirty days of disciplinary confinement, including four days on strip status.

With regard to the use of chemical agents as punishment, the Eighth Amendment prohibits "cruel and unusual punishment." It is the unnecessary and wanton infliction of pain that constitutes cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). With regard to the use of chemical agents:

> It is generally recognized that "it is a violation of the Eighth Amendment for prison officials to use mace, tear

> gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984), cert. denied, 470 U.S. 1085 (1985). For this reason, we have closely scrutinized the use of tear gas or mace (a trade name for tear gas, Soto, 744 F.2d at 1261) in correctional facilities. See e.g., Bailey v. Turner, 736 F.2d 963 (4th Cir. 1984); Greear v. Loving, 538 F.2d 578 (4th Cir. 1976). This is because, even when properly used, such weapons "possess inherently dangerous characteristics capable of causing serious injury to the victim." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir.), cert. denied, 470 U.S. 1035 (1985). Accordingly, although it is not *per se* unconstitutional for guards to spray mace at prisoners confined in their cells, it is necessary to examine the "totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used [to] determine the validity of the use of tear gas in the prison environment. Bailey, 737 f.2d at 969. See also Justice v. Dennis, 834 F.2d 380, 383 (4th C ir. 1987 (*en banc*), vacated on other grounds, 490 U.S. 1087.
>
> However, mace can be constitutionally used in small quantities to "prevent riots and escapes" or to control a "recalcitrant inmate." Landman v. Peyton, 370 F.2d 135 (4th Cir. 1966), cert. denied 388 U.S. 920 (1967). See also Bailey, 736 F.2d at 968-969. A limited application of mace may be "much more human and effective than a flesh to flesh confrontation with an inmate." Soto, 744 f.2d at 1262. Moreover, prompt washing of the maced area of the body will usually provide immediate relief from pain. Id.

Williams v. Benajamin, 77 F.3d 756, 763 (4th Cir. 1996). Thus, it is "the imposition of pain totally without penological justification" that is proscribed by the Eighth Amendment. Evans v. Dugger, 908 F.2d 801, 803 (11th Cir. 1990) (citations omitted). See also Ort v. White, 813 F.2d 318; Rhodes v. Chapman, 452 U.S. 337, 346 (1981).

Plaintiff alleges that he was alone in his cell and was not doing anything to warrant the application of chemical agents.

Further, Plaintiff claims that both of his disciplinary charges were overturned on appeal; thus, Plaintiff satisfies the <u>Heck</u> standard, which requires a Plaintiff who brings an action for damages related an unconstitutional conviction or imprisonment under § 1983 to prove that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). The Supreme Court has applied the <u>Heck</u> analysis to prisoners' actions challenging disciplinary action. <u>Edwards v. Balisok</u>, 520 U.S. 641, 643-649 (1997).

At this stage of proceedings, the Court cannot state that Plaintiff can prove no set of facts that would entitle him to relief against Defendant Snider. Here, accepting Plaintiff's allegations in the Complaint as true, Plaintiff has adequately stated a constitutional violation arising out Defendant Snider's alleged unjustified use of chemical agents and Plaintiff's subsequent illegal confinement. Consequently, Defendant Snider's Motion to Dismiss is denied at this stage of the proceedings in order to permit the parties to fully develop the facts.

ACCORDINGLY, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Complaint is dismissed without prejudice as to Defendant Lambdin pursuant to Fed. R. Civ. P. 4(m).

2. Defendants Coates and Prafgras' Motion to Dismiss or in the Alternative Motion for More Definite Statement (Doc. #52) is **GRANTED**, and Plaintiff's Complaint is dismissed without prejudice as to Defendants Coates and Prafgras.

3. Defendant Dr. Dameff's Motion to Dismiss (Doc. #57) is **GRANTED**, and Plaintiff's Complaint is dismissed without prejudice as to Defendant Dameff.

4. Defendant Gudino's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. #59) is **GRANTED**, and Plaintiff's Complaint is dismissed without prejudice as to Defendant Gudino.

5. Defendant Snider's Motion to Dismiss (Doc #46) is **DENIED**.

6. Defendant Snider shall file an answer within twenty (20) days of the date of this Order.

7. The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) correct the caption of the action to reflect the dismissals of Chester Lambdin, D. Prafgras, D. Coates, Emil A. Dameff, and Pilar Gudino.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___12th___ day of September, 2006.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record